**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JESSE MCCUIN**                                                                                    **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:24-cv-00172-RPM**

**CITY OF PICAYUNE**                                                                          **DEFENDANT**

**ORDER DENYING MOTIONS [68] [83] FOR SUMMARY JUDGMENT
AND GRANTING MOTION [81] FOR SUMMARY JUDGMENT**

Plaintiff Jesse McCuin, proceeding *pro se* and *in forma pauperis*, filed this civil action

under 42 U.S.C. § 1983 on June 10, 2024, naming Pearl River County ("the County"), the City of

Picayune ("the City"), and Officer Chris Davis as Defendants. [1] at 1; [12] at 1. Plaintiff is an

inmate now housed in the custody of the Federal Bureau of Prisons at the Federal Correctional

Complex in Forrest City, Arkansas. [76] at 1. Plaintiff's claims were clarified at an Omnibus

Hearing on August 18, 2025.[1] For reasons stated below, only the City remains as a Defendant.

Now before the Court are three dispositive motions—two Motions [68] [83] for Summary

Judgment filed by Plaintiff and a cross Motion [81] for Summary Judgment filed by the City.

Plaintiff's Motions [68] [83] for Summary Judgment will be denied, and the City's Motion [81]

for Summary Judgment will be granted. Plaintiff's federal claims against the City will be dismissed

with prejudice, and any state-law claims will be dismissed without prejudice.

## I.   BACKGROUND

### A.  Factual Allegations

Plaintiff blames the municipal Defendants for committing a double-jeopardy violation and

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

for setting his bail excessively high.[2] As for double jeopardy, Plaintiff asserts that he was charged twice "for fleeing and eluding for a single incident with no lapse of time between persuit [*sic*]." [1] at 4; *see also* [8] at 2; [9-1] at 3. In other words, Plaintiff claims that he faced two fleeing indictments for the same criminal conduct. Next, Plaintiff reports that his bond was originally set at $110,000.00 and later reduced to $71,000.00, which he claims is "extremely high so [he could not] bond out." [1] at 4-5. Plaintiff's bond on one felony-fleeing charge was set at $35,000.00, his bond on a felon-in-possession charge was set at $30,000.00, and his bond on the other felony-fleeing charge was set at $6,000.00. [35-2] at 2-3. Plaintiff testified that he in fact "bonded out" about four days after his bond was reduced, (Tr. 44:30-45:09), at a cost of $2,000.00, [1] at 5.

Finally, Plaintiff claims that Officer Davis assaulted him during his arrest. [1] at 5; *see also* [9] at 2. Plaintiff alleges that he was "beat unconscious" during their altercation, and he believes that he suffered a broken collarbone. [9] at 2. Plaintiff attributes Officer Davis's behavior to his employer, the City. *Id*. He also testified that Defendants committed intentional infliction of emotional distress because of these events. (Tr. 33:25).

### B. Procedural History

During the Omnibus Hearing, Plaintiff produced two indictments against him that were handed down by the Pearl River County Circuit Court. [35]; [35-1]. One indictment (No. 55:23-cr-64) alleges that Plaintiff eluded Deputy Jason Gambrell. [35] at 3. The other multi-count indictment (No. 55:22-cr-359) alleges that Plaintiff eluded Officer Taylor Smith and that he

---

[2] Plaintiff specifically abandoned any false-arrest claim in his testimony at the Omnibus Hearing. (Tr. 32:00-33:00). Since the Omnibus Hearing, Plaintiff has attempted to revive his false-arrest claim and to assert a malicious-prosecution claim in the first instance. *E.g.*, [59] at 2; [68] at 8; [70] at 2-5. In the interest of fairness, both claims are addressed below. *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-KS-RHW, 2020 WL 8620189, at *1 (S.D. Miss. July 28, 2020) (reminding that *pro se* pleadings are liberally construed).

possessed a weapon as a convicted felon. [35-1] at 3.

After the Omnibus Hearing, the Court instructed Defendants to "provide to the Court a written update on the status of the felony indictments pending against Plaintiff in the Pearl River County, Mississippi, Circuit Court," to include "Plaintiff's anticipated trial date on each indictment, if available." (Text-Only Order, Aug. 18, 2025). On September 17, 2025, Defendants reported thus:

> After speaking with the District Attorney assigned to handle the prosecution of the felony indictments pending against Plaintiff in the Pearl River County, Mississippi, Circuit Court it was determined that the trial of the same previously set for Augus[t] 12, 2024, did not go forward as Plaintiff is currently in federal custody.
>
> It was further relayed that until Plaintiff is released from federal custody, Pearl River County prosecutors will not have access to Plaintiff and, thus, cannot even serve Plaintiff with notice of a new trial date until his federal custody is completed.
>
> Overall, the prosecution of the felony indictments pending against Plaintiff in Pearl River County, Mississippi, are at a standstill until further notice.

[44] at 1. Plaintiff in fact pled guilty in this Court to being a convicted felon in possession of a firearm and was sentenced on October 8, 2025, to serve a term of 39 months in the custody of the Federal Bureau of Prisons, plus a three-year term of supervised release. *United States v. McCuin*, No. 1:24-cr-00038-TBM-BWR-1 (S.D. Miss. Oct. 8, 2025) (Doc. 121).

Pursuant to Defendants' representation that Plaintiff's state-court proceedings were "at a standstill," [44] at 1, the Court stayed Plaintiff's claims against the County and the City and administratively closed this case for statistical purposes on December 11, 2025. [58] at 1-9. The Court reasoned that some of Plaintiff's claims might be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), so it would be "premature" to decide those claims before the criminal

3

proceedings had concluded in state court. [58] at 4. Plaintiff's excessive-force claim against Officer Davis was severed into a new lawsuit and is presently being heard in *McCuin v. Davis*, No. 1:25-cv-00371-TBM-RPM (S.D. Miss.).

On January 22, 2026, Plaintiff pled guilty in the Pearl River County Circuit Court to one count of fleeing Deputy Gambrell under Mississippi Code § 97-9-72 in cause number 55:23-cr-64. [81-1] at 1-7. The court accepted Plaintiff's guilty plea at a hearing the same day, [81-2] at 29, and he was sentenced to serve five years in the custody of the Mississippi Department of Corrections, with one year to serve and four years of post-release supervision, [81-2] at 32. Plaintiff was given credit for time served, and his state sentence was ordered to run concurrently with his federal sentence. *Id*. at 32-34. The other felony-fleeing indictment in cause number 55:22-cr-359 was *nolle prossed* and dismissed. *Id*. at 32; *see also* [81-4] at 1.

On January 28, 2026, Plaintiff filed an unopposed Motion [61] to Remove Pearl River County as Defendant and Lift Stay. *See also* [63] at 1; [66] at 1. On March 17, 2026, the Court terminated Pearl River County as Defendant and reopened this case. [73] at 1.

## II.    STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most

favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). "In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *Id*. at 397-98 (quotation omitted).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with significant probative evidence." *Id*. (quotation omitted).

### III.   DISCUSSION

The City argues that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). [82] at 4-10. Plaintiff argues that his claims against the City are not *Heck*-barred because "he was not convicted of the charges brought against him by [the] City." [68] at 3. In other words, he claims that the City cannot benefit from a *Heck* bar arising pursuant to the County's conviction. [83] at 8. But the Court need not resolve the *Heck* issue because Plaintiff has failed to establish a constitutional violation in the first place. *See* [72] at 8-12.[3]

---

[3] The City has briefed these alternative arguments, and the Court has plenary power under 28 U.S.C. § 1915(e)(2) to dismiss any claim that is frivolous, malicious, or fails to state a claim if the Plaintiff is

### A. Plaintiff's claims arising under federal law should be dismissed with prejudice.

#### i. *Plaintiff has failed to establish a double-jeopardy violation.*

Plaintiff's double-jeopardy claim against the City fails because he was not twice placed in jeopardy for the felony-fleeing offenses. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977) (quoting U.S. CONST. amend V). "Thus, the principle of double jeopardy protects against multiple prosecutions and punishments for the same offense." *Eason v. King*, No. 2:09-cv-00116-KS-MTP, 2010 WL 3122789, at *5 (S.D. Miss. Mar. 25, 2010), *amended report and recommendation adopted by*, 2010 WL 3121379, at *5 (S.D. Miss. Aug. 4, 2010).

"[P]rosecution does not sufficiently jeopardize a defendant for purposes of the Double Jeopardy clause until the defendant is put to trial before the trier of facts." *United States v. Garcia*, 589 F.2d 249, 250-51 (5th Cir. 1979) (quotations omitted). "Jeopardy attaches when either a) a jury is sworn; b) in a non-jury trial, when the judge begins to hear evidence; or c) in the context of a plea bargain, with the acceptance of a guilty plea." *Montelepre v. Greater New Orleans Expressway Comm'n*, No. 08-3857, 2009 WL 1107252, at *1 (E.D. La. Apr. 22, 2009) (citing *Fransaw v. Lynaugh*, 810 F.2d 518, 523-24 (5th Cir. 1987)). "[T]he issuance of two indictments does not implicate double jeopardy where the defendant is not tried under" one of them. *Eason*, 2010 WL 3122789, at *5. Because the second felony-fleeing indictment was *nolle prossed* and dismissed before jeopardy attached, [81-4] at 1, Plaintiff has failed to establish a double-jeopardy violation.

---

proceeding *in forma pauperis*.

### ii.    *Plaintiff has failed to establish that he was assessed excessive bail.*

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend XIII. "Bail set at a figure higher than an amount reasonably calculated [to assure a criminal defendant's presence at trial] is excessive under the Eighth Amendment." *Stack v. Boyle*, 342 U.S. 1, 5 (1951) (quotation omitted). "[T]he Excessive Bail Clause does not *proscribe* sizable bails or the complete denial of bail if a defendant presents a flight or public safety risk." *El Bey v. Dominguez*, 540 F. Supp. 3d 653, 670 (N.D. Tex. 2020) (emphasis in original). "But the Supreme Court has never *prescribed* ranges or rules for how states should calculate bail for various offenses and defendants," choosing instead "to leave states with broad discretion over bail decisions." *Id*. (emphasis in original).

Plaintiff's excessive-bail claim fails for two reasons. First, Plaintiff's bail amounts were within the range established under Mississippi law. Plaintiff was charged with felony fleeing under Mississippi Code § 97-9-72(2), which carries a penalty of up to ten years imprisonment. He was also charged with being a felon in possession of a firearm under Mississippi Code § 97-37-5(2), which carries a penalty of not less than one year nor more than ten years imprisonment. Under Mississippi Rule of Criminal Procedure 8.2(c), felonies "punishable by maximum up to 10 years" have a recommended bail range of $5,000.00 to $50,000.00. Insofar as Plaintiff's bail was set at $35,000.00; $6,000.00; and $30,000.00 for the two felony-fleeing and felon-in-possession charges, respectively, [35-2] at 2-3, his bail as to each offense was not constitutionally excessive. *See Easley v. Pike Cnty., Miss.*, No. 5:23-cv-00072-DCB-BWR, 2025 WL 806384, at *3 (S.D. Miss. Jan. 31, 2025), *report and recommendation adopted by*, 2025 WL 586667, at *2 (S.D. Miss. Feb. 24, 2025) (rejecting excessive-bail claim where bail amount fell within the recommended guidelines range).

7

Second, Plaintiff admits that he "bonded out" within four days of the final bail determination, (Tr. 44:30-45:09), which "alone implies that his bail was not excessive," *see Roberts v. City of Booneville, Miss.*, No. 1:23-cv-00154-GHD-RP, 2024 WL 3035188, at *3 (N.D. Miss. June 17, 2024); *see also Granger v. Slade*, 361 F. Supp. 2d 588, 596-97 (S.D. Miss. 2005). Plaintiff has failed to establish a constitutional violation based on excessive bail.

### iii.    *Plaintiff has failed to establish that he was falsely arrested.*

To establish a false-arrest claim under § 1983, Plaintiff "must show that the [arresting] officers lacked probable cause." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id*. (quotation omitted). Probable cause "does not demand any showing that the officer's belief that a crime has been committed be correct or more likely true than false." *Loftin v. City of Prentiss, Miss.*, 539 F. Supp. 3d 617, 625 (S.D. Miss. 2021) (quotation and brackets omitted). Determining whether probable cause exists "is not a high bar," but "a flexible, common-sense standard." *Id*. (quotations omitted).

A false-arrest claim "does not cast its primary focus on the validity of each individual charge; instead," it focuses "on the validity of the arrest." *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). "If there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails." *Id*. (emphasis in original); *see also Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 n.8 (5th Cir. 2016) ("There need only be probable cause to support the arrest, not each individual charge made during the course of the arrest." (quotation omitted)); *Carney v. Lewis*, No. 3:14-cv-00286-TSL-JCG, 2014 WL 7231772,

at *2 (S.D. Miss. Dec. 18, 2024). In other words, to prevail on his false-arrest claim, Plaintiff must show "that there was no probable cause to arrest either for [felony fleeing] *or* for [being a felon in possession of a weapon]." *See Wells*, 45 F.3d at 95 (emphasis in original). Plaintiff cannot make that showing, as he pled guilty to and was convicted of one felony-fleeing offense arising from his arrest. That conviction "necessarily impl[ies] that there was probable cause for [Plaintiff's] arrest." *Ducksworth v. Rook*, 647 F. App'x 383, 387 (5th Cir. 2016).

Moreover, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Scribner v. Dillard*, 141 F. App'x 240, 243 (5th Cir. 2005) (quotation omitted). On the day of Plaintiff's arrest, Municipal Court Judge Tara Kellar determined in a written order that "there was probable cause for [his] arrest." [35-2] at 5. Since Plaintiff has presented no evidence "that the deliberations of that intermediary were in some way tainted by the actions of the [arresting officers]," the City "cannot be held liable for unreasonable arrest . . . based on the absence of probable cause." *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). Plaintiff's false-arrest claim fails. *See Taylor-Hill v. Keyes*, No. 2:04-cv-00040-MTP, 2006 WL 3231962, at *2 (S.D. Miss. Nov. 7, 2006) (dismissing false-arrest claim where charge was ultimately *nolle prossed* because an intermediary had determined that probable cause existed).

### iv.    *Plaintiff has failed to establish that he was maliciously prosecuted.*

"A party asserting a § 1983 malicious prosecution claim must prove an unlawful Fourth Amendment seizure and substantiate the following six elements: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in

favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025). Plaintiff's malicious-prosecution claim fails because it "is not a malicious prosecution claim at all." *Baker v. Sebastian*, No. 4:22-cv-03103, 2023 WL 6393886, at *7 (S.D. Tex. Sept. 30, 2023).

In *Thompson v. Clark*, 596 U.S. 36, 43 n.2 (2022), the Supreme Court explained that, a plaintiff bringing a Fourth Amendment malicious prosecution claim "has to prove that the malicious prosecution resulted in a seizure of the plaintiff." *See also Baker*, 2023 WL 6393886, at *7. "In this case, the circumstance is inverted, as [Plaintiff] alleges that . . . [o]fficers brought falsified charges after he was seized, not before." *See id*. "Unlike a claim alleging detention *without* legal process, the entirely distinct tort of malicious prosecution addresses detention accompanied by *wrongful institution* of legal process." *Id*. (quotation and ellipsis omitted). "Because [Plaintiff] does not allege that he was seized pursuant to legal process, his claim for malicious prosecution must be dismissed." *See id*.; *see also Rusanowsky v. City of Dallas*, No. 3:22-cv-01132-K, 2024 WL 922766, at *9 (N.D. Tex. Mar. 4, 2024) (rejecting malicious-prosecution claim where the plaintiff was subject to a warrantless arrest); *Oliviera v. City of Jersey Village*, No. 4:21-cv-03564, 2023 WL 2652252, at *7 (S.D. Tex. Mar. 27, 2023) (same).

In any event, Plaintiff has not provided evidence to demonstrate the City acted with malice, which is "defined in this context as [prosecuting a defendant] without probable cause and for a purpose other than bringing [him] . . . to justice." *See Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023); *see also Sims v. Tew*, No. 25-666, 2026 WL 1984023, at *5 (W.D. La. July 9, 2026) (finding the plaintiff had failed to establish malice where no evidence existed to show the defendants "were aware of any facts that would have negated probable cause at any point in the

prosecution"); *Gonzalez v. Ramirez*, No. 7:24-cv-00132, 2026 WL 886911, at \*12 (S.D. Tex. Mar. 31, 2026) (rejecting malicious-prosecution claim where the plaintiff "offered no evidence of [the defendant's] actual motive beyond her own circular reasoning regarding probable cause"). Nor has he alleged that he was damaged in any way by the alleged malicious prosecution, as Plaintiff was already incarcerated by the time the offending indictment was *nolle prossed*.

> ### v.    Plaintiff has failed to establish the City's municipal liability with respect to any of his claims.

"Municipalities cannot be held vicariously liable for the actions of their officials under 42 U.S.C. § 1983." *Joiner v. Greene Cnty., Miss.*, No. 1:19-cv-00014-HSO-JCG, 2020 WL 4572683, at \*2 (S.D. Miss. Aug. 7, 2020). "Proof of municipal liability requires: '(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Id*. (quoting *Jauch v. Choctaw Cnty.*, 874 F.3d 425, 435 (5th Cir. 2017)) (second quotation omitted). "Existence of a policy can be shown in two primary ways: (1) the existence of an officially adopted policy, regulation, or decision promulgated by individuals with policymaking authority; or (2) a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Harris v. Jackson Cnty., Miss.*, 684 F. App'x 459, 463 (5th Cir. 2017) (quotation omitted).

"A single decision by a policy maker may also, under certain circumstances, constitute a policy for which a municipality may be liable." *Id*. (quotation and brackets omitted). "However, this single incident exception is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Id*. (quotation omitted); *see also Anderson v. City of*

*McComb, Miss.*, 539 F. App'x 385, 388 n.2 (5th Cir. 2013) ("When the policymakers are the violators, no further proof of municipal policy or custom is required.").

"No municipal liability exists without first showing a violation of constitutional rights." *Harris v. Pearl River Cnty.*, No. 1:23-cv-00230-HSO-BWR, 2024 WL 5397177, at *3 (S.D. Miss. Dec. 20, 2024), *report and recommendation adopted by*, 2025 WL 326066, at *2 (S.D. Miss. Jan. 29, 2025). Because Plaintiff has failed to establish an underlying constitutional violation, his claim of municipal liability against the City must fail.

Regardless, Plaintiff has failed to identify a policy, practice, or custom of the City that caused the alleged constitutional injury. Plaintiff has not alleged that the City has officially adopted a policy encouraging procedural irregularities in criminal cases. Nor has he "raised any evidence to show the sort of pattern of abuses necessary to find liability under this theory of municipal liability." *See Harris*, 684 F. App'x at 463-64; *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009) (requiring a plaintiff to "demonstrate a pattern of abuses that transcends the error made in a single case" (quotation omitted)). As Plaintiff has offered no evidence of similar abuses occurring in other cases, he has failed to establish a constitutionally offensive pattern of misconduct by the City. His allegations merely represent what happened to him in one instance, and "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Finally, Plaintiff has presented no evidence to identify a final policymaker responsible for the City's alleged misconduct. A policymaker is "one who takes the place of the governing body in a designated area of city administration." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). He or she must "decide the goals for a particular city function and devise the means of

12

achieving those goals." *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). "Whether a particular official has final policymaking authority is a question of state law." *Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *8 (S.D. Miss. Mar. 31, 2022). Yet Plaintiff "has cited no authority under Mississippi law for the proposition that any [municipal employees mentioned in the pleadings were] a final policymaker for the City," nor has he "presented any evidence that the City . . . delegated final policymaking authority to any of the [municipal employees mentioned in the pleadings]." *See id*. Plaintiff claims that Sheriff David Allison and prosecuting attorney John Dowdy were final policymakers for purposes of municipal liability, [68] at 5, but no record evidence supports that theory, *see Venuto v. Jackson Cnty.*, No. 1:13-cv-00198-LG-JCG, 2015 WL 7015304, at *6 (S.D. Miss. Nov. 12, 2015). Plaintiff's municipal-liability claim fails.

### B. Plaintiff's state-law claims should be dismissed without prejudice.

Considering the foregoing, the Court will decline to exercise supplemental jurisdiction over any ancillary state-law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c).

"[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claims] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse*

13

*v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quotation and ellipsis omitted)). In determining whether to exercise supplemental jurisdiction, the Court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Since the Court will dismiss every claim over which it had original jurisdiction, it will decline to exercise supplemental jurisdiction over any ancillary state-law claims. No trial date has been set in this matter, and "[a] state court is in a better position to adjudicate [Plaintiff's] claims arising under state law." *See Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL 2386706, at *8 (S.D. Miss. Mar. 6, 2023); *see also Willard v. Hearn*, No. 1:19-cv-00908-RPM, 2022 WL 4180943, at *3 (S.D. Miss. Aug. 25, 2022) (declining "to exercise supplemental jurisdiction over any potential state-law malicious prosecution claim"). Plaintiff's state-law claims, if any, will therefore be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.").

## IV.    CONCLUSION

The Court has considered all arguments presented. Any not specifically addressed would not have changed the outcome.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Jesse McCuin's Motions [68] [83] for Summary Judgment are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant the City of Picayune's Motion [81] for Summary Judgment is **GRANTED**. Plaintiff's claims arising under

14

federal law are **DISMISSED WITH PREJUDICE**, and any ancillary state-law claims are **DISMISSED WITHOUT PREJUDICE**.

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 11th day of August, 2026.

/s/ *Robert P. Myers, Jr.*

ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE